J-S22024-18

2018 PA Super 206

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ELLIS HODGES | |
| Appellant | No. 2780 EDA 2017 |

Appeal from the Judgment of Sentence imposed June 27, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0000668-2017

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.*

OPINION BY STABILE, J.:            **FILED JULY 16, 2018**

Appellant, Ellis Hodges, appeals from the judgment of sentence imposed

in the Court of Common Pleas of Delaware County following his conviction of

simple assault, 18 Pa.C.S.A § 2701.[1]  While simple assault is generally a

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The relevant provisions of 18 Pa.C.S.A. § 2701 (Simple Assault) are as follows:

**(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
    (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
    * * *
**(b) Grading.--**Simple assault is a misdemeanor of the second degree unless committed:

second-degree misdemeanor (M2), it is a third-degree misdemeanor (M3) if the scuffle is entered into by mutual consent. 18 Pa.C.S.A. § 2701(b)(1). Appellant contends the trial court imposed an illegal sentence because there was no factual finding by the jury that Appellant's scuffle with complainant, Nicquita Tippens-Buggs, was **not** entered into by mutual consent. Following review, we affirm.

In its Rule 1925(a) opinion, the trial court included the following factual background:

> The sole direct evidence of that which occurred on August 21, 2016, was Ms. [Nicquita] Tippens-Buggs's trial testimony. Ms. Tippens-Buggs and [Appellant] at that time had enjoyed a fourteen (14) year relationship and were the parents of a son. As recounted by Ms. Tippens-Buggs, she and [Appellant] were having a verbal argument about payments then due related to his work vehicle when [Appellant] grabbed her around the throat with such force that she was unable to breathe. Ms. Tippens-Buggs then began to punch and scratch at [Appellant] in an effort that he loosen his choke hold which caused her to fall backwards to the floor as [Appellant] yet maintained his grip about her throat. She while on the floor punched and kicked at [Appellant] in a continuing and finally successful attempt to break his choke hold; however, [Appellant] on letting go of Ms. Tippens-Buggs's throat then commenced to kick and punch her about the face, chest, arms, and neck before fleeing the home immediately subsequent to concluding his multi-faceted assault. Ms. Tippens-Buggs at no time prior to [Appellant] commencing his attack had initiated with him in any manner physical contact.
>
> The trial evidence suggests at best Ms. Tippens-Buggs willingly engaged [Appellant] in a verbal disagreement driven by certain

---

(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree (M3)[.]

> financial concerns, but most certainly does not demonstrate she consented to the ensuing physical melee clearly and solely prompted by [Appellant's] unilateral decision to palpably escalate the situation when he grabbed her around the throat employing enough strength that Ms. Tippens-Buggs's breathing became significantly impaired.

Trial Court Rule 1925(a) Opinion, 12/8/17, at 23 (references to Notes of Testimony omitted).

Following a preliminary hearing, the trial court dismissed a charge of aggravated assault but bound over charges of simple assault, recklessly endangering another person (REAP), and terroristic threats. The case proceeded to trial before a jury in May 2017. On May 8, 2017, prior to jury selection, the Commonwealth moved to correct the grading of the simple assault charge from an M1 to an M2 and downgrade the terroristic threats charge from a third-degree felony to an M1. Defense counsel stated on the record that he had no objection to the downgrades as proposed by the Commonwealth. Notes of Testimony, Trial, 5/8/17, at 3-4.

In a robing room discussion at the close of the Commonwealth's case, the trial court considered proposed jury instructions. Appellant's counsel did not request a jury instruction on mutual consent and no mutual consent instruction was given by the trial court when it explained the elements of simple assault to the jury. Notes of Testimony, 5/10/17, at 106-10; 144-45. Trial counsel did not lodge any objection to the trial court's instructions. *Id.* at 151.

On May 10, 2017, the jury returned a verdict of guilty on the simple assault charge and acquitted Appellant of REAP and terroristic threats. In the course of discussions regarding pre-sentencing matters, Appellant's counsel acknowledged that his client's conviction for simple assault was graded as an M2. *Id.* at 159.

On May 22, 2017, Appellant file a "Post-Trial Motion for Dismissal" claiming the verdict was inconsistent and the evidence was insufficient to support the simple assault conviction. By order entered May 24, 2017, the trial court denied the motion.

A sentencing hearing was held on June 27, 2017. There was no mention of mutual consent or grading of simple assault as an M3 during the hearing. Rather, the trial court explained that it had reviewed the presentencing reports as well as the psychological and substance abuse evaluations, and had given due consideration to the sentencing factors and the testimony offered at the hearing, all as they "relate[] to Count 1, Simple Assault, a second degree misdemeanor." Notes of Testimony, Sentencing, 6/27/17, at 16. The court then imposed a sentence of one to two years in a state correctional institution. *Id.*

On July, 5, 2017, Appellant filed a "Post-Sentencing Motion" asserting "the charge of simple assault should be dismissed post trial due to lack of credible evidence." Post-Sentence Motion, 7/5/17, at ¶ 5 (capitalization omitted). Appellant did not challenge the grading of the offense and, in fact,

acknowledged Appellant had been "sentenced to simple assault—misdemeanor of the second degree." ***Id.*** at ¶ 3 (capitalization omitted).

By order entered July 7, 2017, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[2] The trial court directed Appellant to file a Rule 1925(b) statement of errors complained of on appeal. Appellant complied, asserting his intention "to complain of the following on appeal: *The sentence for simple assault, graded as a second-degree misdemeanor, should be vacated. The offense should have been graded as a third-degree misdemeanor since there was mutual combat*." Rule 1925(b) Statement, 11/1/17, at 1 (emphasis in original).

_____

[2] Upon the filing of this appeal, a motions panel of this Court issued an order to show cause why the appeal should not be quashed as untimely filed on August 9, 2017 from a June 27, 2017 judgment of sentence made final upon denial of post-sentence motions on July 7, 2017. In response, appellate counsel explained that Appellant filed a *pro se* notice of appeal that was timely under the prisoner mailbox rule. Trial counsel was still counsel of record at the time. Although he was represented by counsel, Appellant was not precluded from filing a *pro se* notice of appeal. As recognized in ***Commonwealth v. Williams***, 151 A.3d 621 (Pa. Super. 2016), "this Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel, based on the rationale in [***Commonwealth v. Ellis***, 626 A2d 1137, 1138 (Pa. 1993)] and I.O.P. 65.24." ***Id.*** at 624. In ***Ellis***, our Supreme Court noted that while there is no right to hybrid representation, an appellant does have a right of appeal under Article 5, § 9 of the Pennsylvania Constitution.

The motions panel referred the matter to this merits panel. Upon review, we conclude the notice of appeal was timely filed.

In response, the trial court issued a 26-page opinion, concluding the "appellate complaint should be deemed waived and even should no manner of waiver be found, his conviction and judgment of sentence should otherwise be affirmed." Trial Court Rule 1925(a) Opinion, 12/8/17, at 26. The court first suggested Appellant's sole issue on appeal "should be deemed waived for his inability to adequately articulate a cogent error assignment." *Id.* at 7. The court indicated that Appellant failed "to present a meaningful claim leaving this court at best to speculate that which he is maintaining for purposes of the pending appeal and such constrained guesswork should result in his proffered appellate complaint's waiver." *Id.* The court elaborated, noting:

> Because this error assignment, even when viewed in the case record context, is utterly devoid of any particularized grounds offering the most modest explanatory suggestion(s), this court is compelled to decipher which of the possible following attacks [Appellant] may on appeal be advancing. Perhaps [Appellant] is maintaining this court should have in some manner *sua sponte* intervened during pre-trial proceedings and directed the simple assault allegation (count 1) be listed as and/or downgraded to a third degree misdemeanor. It could be [Appellant] is asserting this court erred at trial by not *sua sponte* reducing the grading of the simple assault allegation (count 1) to a third degree misdemeanor. [Appellant] may be contending this court when providing to the jury its final legal instructions should have *sua sponte* charged the jurors about third degree misdemeanor simple assault. *See generally* Pa. SSJI (Crim) 15.2701F. Alternatively, [Appellant] is possibly arguing this court should have as part of the post-verdict litigation, the sentencing hearing, and/or in addressing the defense's post-sentence motion *sua sponte* regraded the simple assault count (1) to a third degree misdemeanor. *See generally **Commonwealth v. Shamsud-Din**, 995 A.2d 1224 (Pa. Super. 2010) and **Commonwealth v. Norley**, 55 A.3d 526 (Pa. Super. 2012). Finally, [Appellant] could very well be averring on appeal all of these potential appellate

complaints or some combination of the same. *See* Statement of Matter Complained.

The wholesale lack of specificity by [Appellant] represents his complete failure to follow the dictates of Pa.R.A.P. 1925(b)[4] and this court's synonymous instruction via its relevant orders (September 18, 2017, and October 2, 2017) to " ' . . . concisely *identify each ruling or error* that appellant intends to challenge with *sufficient detail to identify all pertinent issues* for the judge.' Pa.R.A.P. 1925(b)[4] (Emphasis added)." *See* Orders dated September 19, 2017, and October 2, 2017.

Having so frustrated its ability to review in the proper rubric of the case record that which he complains for purposes of the pending appeal, this court must guess what [Appellant] is referencing through his error assignment and such constrained conjecture should occasion his appellate complaint's full waiver.

*Id.* at 7-9 (footnotes omitted) (emphasis in original). The trial court painstakingly proceeded to explore each of the possible scenarios it believed Appellant might have claimed as error. The court determined each "error" lacked merit, even if it were not waived.

We agree with the trial court that Appellant's Rule 1925(b) statement failed to present a meaningful claim and left the court to speculate as to Appellant's basis or bases for relief. As such, a finding of waiver is warranted. However, a finding of waiver based on a vague Rule 1925(b) statement does not end our review in this case. Despite Rule 1925(b)(vii)'s directive that "issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived," *see Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), this Court has determined that a challenge to legality of sentence is cognizable, even in the absence of a Rule

1925(b) statement. *See, e.g., Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa. Super. 2001). Further, despite Pa.R.A.P. 302(a)'s mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[,]" Rule 302(a)'s prohibition does not apply to claims of an illegal sentence. *See, e.g., Commonwealth v. Barnes*, 151 A.3d 121, 122 (Pa. 2016). "[L]egality–of–sentence claims are not subject to the traditional waiver doctrine." *Commonwealth v. Wolfe*, 140 A.3d 651, 660 (Pa. 2016).

In his brief filed with this Court, Appellant presents a single issue for our consideration:

> Whether the sentence for simple assault, graded as a misdemeanor of the second degree, is illegal since there was no factual finding by the jury that the fight or scuffle was entered into without mutual consent?

Appellant's Brief, Statement of Question Involved, at 5. As phrased, Appellant now specifically asserts that the trial court imposed an illegal sentence. As this Court has explained:

> Our scope and standard of review for illegal sentence claims is as follows:
>
> > The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (quoting *Commonwealth v. Leverette*, 911 A.2d 998, 1001-02 (Pa. Super. 2002)).

Appellant does not argue the lack of statutory authorization for his sentence. Rather, he asserts he is raising "a variation of his initial non-waivable illegal sentencing claim – specifically that his sentence is illegal since the offense of simple assault cannot be graded as a second-degree misdemeanor absent factual determination that the fight was entered into without mutual consent." Appellant's Brief at 10. Although Appellant's "illegal sentence" claim is not waived on appeal, it nonetheless fails.

Appellant contends his sentence is illegal because there was no factual finding that the fight was entered into without mutual consent. However, no such finding was required. In *Commonwealth v. Norley*, 55 A.3d 526 (Pa. Super. 2012), an appeal involving a simple assault conviction following a bench trial, this Court found guidance in our Supreme Court's decision of *Commonwealth v. Bavusa*, 832 A.2d 1042 (Pa. 2003), for guidance. The Court stated:

> In *Bavusa*, our Supreme Court held that the existence of mitigating factors permitting a lesser grade of an offense does not impose upon the Commonwealth an additional evidentiary burden of negating that mitigating factor to obtain a conviction of the more severe grade of the same offense.

*Id.* at 530 (citing *Bavusa*, 832 A.2d at 1052).

In *Bavusa*, the statute at issue was 18 Pa.C.S.A. § 6106(a) (carrying a concealed firearm without a license). Under Section 6106(a)(1) generally, a

person who carries a concealed firearm without a valid license commits a felony of the third degree. However, that same subsection notes an exception for a person otherwise eligible to possess a license if that person has not committed any other criminal violation. In that case, the person commits a misdemeanor of the first degree rather than a felony of the third degree. *See* 18 Pa.C.S.A. § 6106(a)(2). The Supreme Court ruled that "the availability in subsection (2) of a downgrade from third degree felony to first degree misdemeanor if certain 'personal status factors' exist (license eligibility and never having committed any other crime) does not create new elements of the crime in question (carrying a concealed firearm)." *Norley*, 55 A.3d at 530 (citing *Bavusa*, 832 A.2d at 1055). To be convicted of the crime, the Commonwealth must show that the individual carried an unlicensed concealed firearm. "The 'personal status factors' are not elements of the crime, but are instead merely grading factors." *Id.* Similarly,

> Section 2701(b)(1) does not require the Commonwealth to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a simple assault. That the offending conduct occurred during a mutual fight or scuffle is relevant only with respect to the subsequent *grading* of the offense.
>
> In this case, because section 2701(a)(1) sets forth the elements of the crime of simple assault, and because a mutual fight or scuffle is merely a grading consideration, the Commonwealth was not required to charge Norley separately with simple assault as second degree and third degree misdemeanors. To prove that Norley committed a simple assault, the Commonwealth did not have to prove that Norley's offending actions occurred *other than* in a mutual fight or scuffle. Instead, once the Commonwealth proved that Norley committed a simple assault pursuant to subsection 2701(a)(1), the trial court had the discretion to grade

- 10 -

that offense as a second or third degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence him accordingly.

*Id.* at 530-31 (emphasis in original). As in ***Norley***, it was not necessary that there be a factual finding involving mutual consent. Rather, the Commonwealth was obligated to prove that Appellant was guilty of simple assault under the provisions of § 2701(a). The jury determined that he was guilty of that offense. The trial court's imposition of a sentence based on that determination—a sentence within the guidelines for that offense—was free of error.[3]

_____

[3]    As noted above, Appellant was sentenced at the conclusion of a June 27, 2017 sentencing hearing. Because there was no mention of grading the simple assault as an M3, the trial court was not called upon to exercise its discretion in grading the offense as a "second vs. third" degree misdemeanor, as authorized by ***Norley***. Similarly, there was no basis for even considering whether Appellant proved mutual consent to warrant grading the simple assault as an M3.

In ***Bavusa***, our Supreme Court explained that "[w]hether the offense should be graded as a felony or a misdemeanor is a matter to be decided at sentencing." ***Bavusa***, 832 A.2d at 1056. Under the facts of that case, it was not necessary for the Court to determine which party bore the burden of proving the appropriate grading. ***Id.*** Our Court subsequently addressed the burden of proof in ***Commonwealth v. Coto***, 932 A.2d 933 (Pa. Super. 2007), another firearms case, and concluded:

[T]he Legislature intended to establish an opportunity for a defendant to present mitigating factors at sentencing following a conviction under 18 Pa.C.S.A. § 6106(a), which the Commonwealth would then be free to attempt to rebut. Thus, we hold that the defendant carries the burden to prove, by a preponderance of the evidence, that the exception under Section 6106(a)(2) applies, utilizing some or all of the factors enumerated in 18 Pa.C.S.A. §§ 6105 and 6109.

We acknowledge Appellant's assertion that his sentence implicates **Apprendi v. New Jersey**, 530 U.S. 466 (2000). His assertion lacks merit. **Apprendi** directs that any fact, other than the fact of a prior conviction, that **increases** the prescribed range of penalties for a crime must be submitted to a jury and proved beyond a reasonable doubt. **Id.** at 490. However, the jury here found Appellant guilty of simple assault graded—as charged—as an M2. A finding of mutual consent would mitigate the penalty, not increase it. As Judge McEwen recognized in **Commonwealth v. Shamsud-Din**, 995 A.2d 1224 (Pa. Super. 2010), **Apprendi** is not implicated when the penalty would be decreased rather than increased. **See Shamsud-Din**, 995 A.2d at 1231 (McEwen, concurring). Appellant's suggestion that the jury was required to reach a determination of a question of fact "necessary to *increase the statutory maximum penalty*" for simple assault "from one year of confinement to two years," Appellant's Reply Brief at 3 (emphasis in original), is defeated by the plain language of Section 2701(b), which dictates that the simple assault is an M2 **unless** entered into by mutual consent, in which case it is a M3. Again, a decrease is at issue, not an increase in penalty. **Apprendi** is inapposite.

_____

**Id.** at 940. By extension, a defendant similarly carries the burden at sentencing to prove the application of the exception at issue here—mutual consent under 18 § 2701(b)(1)—in order to warrant a sentence for simple assault as an M3. Appellant clearly failed to do so, as a reading of the sentencing hearing transcript confirms.

Under the guise of claiming an illegal sentence, Appellant is actually arguing the Commonwealth failed to disprove mutual consent, resulting in an illegal sentence for simple assault as an M2. We reject his assertion under **Norley** and **Bavusa**. Further, just as in **Commonwealth v. Witmayer**, 144 A.3d 939 (Pa. Super. 2016), in which the appellant's challenge related to a missing element of the crime of involuntary deviate sexual intercourse,

> [a]ppellant's allegation does not pertain to the legality of his sentence. He does not suggest that his sentence exceeded the mandatory minimum, should have been merged with another offense, or was imposed under an infirm mandatory minimum sentencing provision. He, instead, is asserting that an element of the crime in question was not proven. A position that the Commonwealth failed to prove all elements of a crime is obviously a challenge to the sufficiency of the evidence supporting a conviction and not to the legality of the sentence imposed upon that conviction.

**Id.** at 945.

While Appellant insists his appeal is based on an illegal sentence, rather than a challenge to sufficiency of the evidence, his 1925(b) statement suggests otherwise. Again, in that statement, Appellant asserted, "The sentence for simple assault, graded as a second-degree misdemeanor, should be vacated. The offense should have been graded as a third-degree misdemeanor since there was mutual combat." Rule 1925(b) Statement at 1. We have already determined that Appellant failed to preserve any issues in his Rule 1925(b) statement by virtue of his "wholesale lack of specificity." **See** Trial Court Rule 1925(a) Opinion, 12/8/17, at 8. However, even if his issue

were not waived, a sufficiency of evidence claim would fail. Our Supreme Court has explained:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). We must evaluate the entire record and we must consider all evidence actually received. *Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa. Super. 2016) (quoting *Commonwealth v. Hansley*, 24 A.2d 410, 416 (Pa. Super. 2011) (additional citations omitted)). In passing upon the credibility of witnesses and the weight of the evidence, the trier of fact is free to believe all, part or none of the evidence. *Id.*

The Commonwealth presented two witnesses at trial, Ms. Tippens-Buggs and the investigating officer. Admitted exhibits include photographs depicting injuries sustained by Ms. Tippens-Buggs. Appellant did not present any evidence at trial.

Again, a person is guilty of simple assault is he intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1). Viewing the evidence in the light most favorable to the Commonwealth as

verdict winner, the evidence is sufficient to establish, beyond a reasonable doubt, that Appellant intentionally, knowingly or recklessly caused bodily injury to Ms. Tippens-Buggs. Whether or not there was mutual consent is of no moment. A finding of mutual consent would affect only the grading of the offense, not the simple assault conviction itself. ***See Norley***. Therefore, even if a sufficiency claim has been properly preserved and presented on appeal, it would not afford Appellant any basis for relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/18