**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WHALING | : | |
| | : | |
| Appellant | : | No. 1217 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 6, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003299-2015

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 1, 2019**

Mark Whaling appeals from the judgment of sentence entered following his convictions for aggravated assault, simple assault, and false imprisonment.[1] We remand for the filing of a Pa.R.A.P. 1925(b) statement and a Pa.R.A.P. 1925(a) opinion. ***See*** Pa.R.A.P. 1925(c)(3).

Following a trial, a jury convicted Whaling of the above offenses. The trial court sentenced Whaling on September 6, 2016, to an aggregate of eight to 16 years' incarceration. Whaling did not file a direct appeal from his judgment of sentence.

Whaling filed a timely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel, who filed an amended petition asserting Whaling's trial counsel had failed to

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2903(a), respectively.

comply with Whaling's request to file a direct appeal and requesting *nunc pro tunc* appeal rights. Following a hearing, the PCRA court issued an order granting relief and reinstating Whaling's post-sentence and direct appeal rights.[2]

Whaling's appointed counsel filed a "Motion for Reconsideration and Modification of Sentence Nunc Pro Tunc." on June 28, 2018. Inexplicably, two different judges of the trial court denied the motion, in orders filed June 29, 2018, and July 5, 2018. The July 5 order gave Whaling 30 days from the date of that order to file a notice of appeal – *i.e.*, Saturday, August 4.

Whaling then filed a *pro se* notice of appeal;[3] the record does not reflect when Whaling submitted the notice of appeal to prison authorities for mailing, but Whaling dated the proof of service August 3, 2018. The clerk of courts stamped the notice as received on August 8, 2018.

The trial court subsequently issued an order directing Whaling to file a concise statement of matters complained of on appeal within 21 days. **See** Pa.R.A.P. 1925(b). However, Whaling did not file a Rule 1925(b) statement.

_____

[2] The court gave Whaling 30 days from the filing of transcripts to file a post-sentence motion. Order, 4/2/18. The transcripts were filed on May 29, 2018.

[3] Whaling's *pro se* notice of appeal erroneously purported to appeal from the July 5, 2018 order denying his post-sentence motion. Whaling's *pro se* docketing statement erroneously stated he appealed from an order denying his PCRA petition, even though the court granted PCRA relief by reinstating Whaling's direct appeal rights. As the appeal properly lies from Whaling's judgment of sentence, and not the orders granting him PCRA relief or denying his post-sentence motion, we have amended the caption accordingly. **See Commonwealth v. Lawrence**, 99 A.3d 116, 117 n.1 (Pa.Super. 2014).

The trial court transmitted the record to this court without a Rule 1925(a) opinion.

Upon receipt of the appeal, this Court entered an order directing the trial court to determine whether Whaling was entitled to appointed counsel on appeal. The trial court subsequently entered an order stating that Whaling's appointed counsel "remains counsel of record for [Whaling] on this appeal." Order, 11/21/18, at 2.

We will not address Whaling's issues on appeal at this time because we are remanding for the filing of a Rule 1925(b) statement and a Rule 1925(a) opinion. We instead turn first to the timeliness of Whaling's *pro se* notice of appeal, as this implicates our jurisdiction. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1033-34 (Pa.Super 2014).[4] Although Whaling appealed more than 30 days after the first order, we will treat the date of the second order as the start of the appeal clock because that order explicitly gave Whaling 30 days from that date to appeal. ***See Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa.Super. 2001) (refusing to quash otherwise untimely appeal where court misled defendant as to the time within which to appeal).

Our jurisdiction is thus proper. Because the deadline the second order provided, August 4, 2018, fell on a Saturday, the deadline rolled over to Monday, August 6. ***See*** 1 Pa.C.S.A. § 1908; ***Commonwealth v. Fill***, 202

---

[4] Although he was still represented by counsel, Whaling was not precluded from filing a *pro se* notice of appeal. ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa.Super. 2016); ***accord Commonwealth v. Hodges***, 193 A.3d 428, 431 n.2 (Pa.Super. 2018), *appeal denied*, 202 A.3d 40 (Pa. 2019).

A.3d 133, 138 (Pa.Super. 2019) (applying Section 1908 to deadline for filing notice of appeal). Whaling dated the proof of service attached to his notice of appeal August 3, 2018, and the court received it on August 8, 2018; we thus presume it timely under the prisoner mailbox rule. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007) (finding notice of appeal timely under prisoner mailbox rule based on date on document and where court received it on the first business day following deadline).[5]

We next address Whaling's failure to file a Rule 1925(b) statement. The failure to file a Rule 1925(b) statement when ordered to do so generally results in waiver of all issues and quashal of the appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Presley*, 193 A.3d 436, 441 (Pa.Super. 2018). However, where an appellant in a criminal case fails to file a court-ordered concise statement, "such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3) (italics added). The official note to the Rule explains that an attorney's "failure to file and serve a timely Statement is a failure to perfect the appeal, [and] it is presumptively prejudicial and 'clear' ineffectiveness." *Id.*, Note.

---

[5] *See also Commonwealth v. Saunders*, 946 A.2d 776, 780 n.7 (Pa. Super. 2008) (finding Rule 1925(b) statement timely under prisoner mailbox rule based on date of proof of service).

As Whaling's counsel failed to file a Rule 1925(b) statement, as ordered by the trial court, we are convinced that his counsel was *per se* ineffective, and, pursuant to Rule 1925(c)(3), we remand. **See Commonwealth v. Scott**, 952 A.2d 1190, 1192 (Pa.Super. 2008). Whaling is hereby ordered to file a Rule 1925(b) statement within 30 days of the date of this memorandum. The trial court shall transmit a supplemental record that includes a Rule 1925(a) opinion within 30 days thereafter.

Remanded for further action consistent with this order. Jurisdiction retained.