J-A03017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRY CHAI | : | |
| | : | |
| Appellant | : | No. 135 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 25, 2017
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005246-2014

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY BOWES, J.: **FILED: APRIL 13, 2021**

Although I find no legal error in the Majority's analysis, I write separately to express my belief that the decision of **Commonwealth v. Reslink**, \_\_\_ A.3d \_\_\_, 2020 WL 7415959 (Pa.Super. 2020), was wrongly decided.

Like Appellant in the instant case, Reslink was subject to tier-based registration under Subchapter H of the Pennsylvania Sentencing Code. **See** 42 Pa.C.S. § 9799.14(b)(6). He asserted for the first time on appeal that Subchapter H creates "an irrefutable and irrebuttable presumption against the offender" and is, therefore, unconstitutional. **Reslink**, **supra** at *3. In relevant part, Reslink claimed that his registration obligations under Subchapter H constituted "cruel and unusual punishment"[1] and also violated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** U.S. CONST., VIII Amend.; PA. CONST., Art. 1, § 13.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed; . . . such facts must be established by proof beyond a reasonable doubt.").

These constitutional claims for relief sounded in legality of sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 91 (Pa.Super. 2014) (*en banc*) ("[A] challenge to a sentence premised upon *Apprendi* implicates the legality of that sentence[.]"); *Commonwealth v. Yasipour*, 957 A.2d 734, 740 n.3 (Pa.Super. 2008) ("[A]n appellant who challenges the constitutionality of his sentence of imprisonment on a claim that it violates his right to be free from cruel and unusual punishment raises a legality of sentencing claim since he is challenging the trial court's authority in imposing the sentence.").

While Pa.R.A.P. 302(a) provides that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal," it is a well-established precept of Pennsylvania law that such waiver does **not** apply to claims for relief that implicate the legality of a defendant's sentence. *See Commonwealth v. Wolfe*, 140 A.3d 651, 660 (Pa. 2016) ("[L]egality-of-sentence claims are not subject to traditional waiver doctrine."); *Commonwealth v. Hodges*, 193 A.3d 428, 432-33 (Pa.Super. 2018) ("Rule 302's prohibition does not apply to claims of an illegal sentence[.]"). Nonetheless, this Court found these legality-of-sentence claims waived due to Reslink's failure to raise them in the trial court, without acknowledging the apparent inconsistency of this holding. *Reslink*, *supra* at \*4.

- 2 -

Turning to the instant case, a significant portion of Appellant's constitutional arguments implicate the prohibitions against cruel and unusual punishment contained in the United States and Pennsylvania Constitutions. *See* Appellant's brief at 67-69. This claim for relief clearly implicates the legality of Appellant's sentence.[2] *See Yasipour*, *supra* at 740 n.3. However, the Majority correctly concludes that we are bound to find Rule 302(a) waiver under *Reslink* because Appellant did not raise this argument in the trial court. *Cf. Wolfe*, *supra* at 660; *Hodges*, *supra* at 432-33.

Accordingly, I am constrained to concur in the Majority's holding.[3] However, in my view, *Reslink* was wrongly decided and it constitutes a

---

[2] By contrast, Appellant's arguments raising separate constitutional concerns regarding the presumption of recidivism contained in Subchapter H do not pertain to the legality of his sentence. *See Commonwealth v. Muniz*, 164 A.3d 1189, 1195 n.7 (Pa. 2017) (finding waiver under Pa.R.A.P. 302(a) as to issues concerning the "reputation clause of the Pennsylvania Constitution"), *superseded by statute on separate grounds*, *Commonwealth v. Lacombe*, 234 A.3d 602, 607 n.4 (Pa. 2020).

[3] I also note that Appellant's assertions concerning the alleged cruelty of his registration obligations align closely with arguments recently adjudicated in *Commonwealth v. Torsilieri*, 232 A.3d 567, 594 (Pa. 2020) (remanding for further development of the record concerning claims that, *inter alia*, the provisions of Subchapter H "resulted in an excessive sentence in violation of the federal and state constitutional provisions related to cruel and unusual punishments"), and *Commonwealth v. Mickley*, 240 A.3d 957, 960-63 (Pa.Super. 2020) (same). In both of these cases, the reviewing appellate court remanded to the trial court so that the factual record could be properly developed and to give both parties an opportunity to fully present argument.

Were we not bound by the holding in *Commonwealth v. Reslink*, ___ A.3d ___, 2020 WL 7415959, at *4 (Pa.Super. 2020), I would remand this case for further proceedings limited to the discrete issue of cruel and unusual

significant deviation from our established precedent concerning the ambit of waiver under Rule 302(a).

I reluctantly concur.

Judge Strassburger did not participate in the consideration or decision of this Concurring Memorandum.

---

punishment raised in Appellant's brief.  **Accord Torsilieri**, **supra** at 595 (remanding despite determining the Commonwealth "prevented the necessary development of the record"); **Mickley**, **supra** at 963 (remanding where no evidence concerning constitutional claims was presented in the trial court).