**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3479
_____

KEROL RAYAN ONEIL TOMLINSON,
                                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A057-902-983)
Immigration Judge: Matthew H. Watters
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on September 27, 2021

Before:  GREENAWAY, Jr., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: December 1, 2021)
_____

_____

PER CURIAM

Kerol Rayan Oneil Tomlinson, a citizen of Jamaica, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal. For the reasons that follow, we will deny the petition.

Tomlinson entered the United States as a lawful permanent resident in 2005. In 2017, he was convicted of driving under the influence of marijuana in violation of 75 Pa. Cons. Stat. § 3802, and in 2018, he was convicted of simple assault in violation of 18 Pa. Cons. Stat. § 2701(a)(3). Both offenses took place in Lehigh County, Pennsylvania. The Department of Homeland Security subsequently charged Tomlinson with being removable for having been convicted of a crime of violence that qualified as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F), and for having been convicted of a controlled substance offense. Through counsel, Tomlinson challenged his removability on both grounds, but the Immigration Judge ("IJ") sustained the charges. Tomlinson did not apply for relief from removal.

Tomlinson appealed to the BIA. The BIA agreed with the IJ that Tomlinson's simple assault conviction constituted a crime of violence that qualified as an aggravated felony. Based on that conclusion, the BIA determined that it need not address whether his 2017

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

conviction qualified as a removable controlled substance offense. Tomlinson filed a timely pro se petition for review in this Court.

We have jurisdiction to review Tomlinson's final order of removal pursuant to 8 U.S.C. §1252(a)(1), although our jurisdiction is limited to review of constitutional claims and questions of law because Tomlinson was found to be removable for having been convicted of an aggravated felony. See 8 U.S.C. §1252(a)(2)(C), (D); Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We review questions of law de novo. See Yusupov v. Att'y Gen. of the U.S., 518 F.3d 185, 197 (3d Cir. 2008).

We conclude that the agency did not err in finding Tomlinson removable for having been convicted of an aggravated felony. In Singh v. Gonzales, 432 F.3d 533, 540 (3d Cir. 2006), this Court held that a simple assault conviction under Tomlinson's statute of conviction, §2701(a)(3), is categorically a crime of violence under 18 U.S.C. §16(a) and thus is an aggravated felony for purposes of 8 U.S.C. §1101(a)(43). Before the agency and this Court, Tomlinson has sought to distinguish Singh, arguing that he was not convicted of an aggravated felony because he engaged in "mutual combat" and that he was subject to a reduced penalty under 18 Pa. Cons. Stat. §2701(b)(1) as a result. See Appellant's Br. at ECF p. 2-4.

The record contains no support for Tomlinson's "mutual combat" theory of relief. Section 2701(b)(1) reduces the grading of a §2701(a)(3) offense from a second-degree misdemeanor to a third-degree misdemeanor, but the records of Tomlinson's conviction consistently demonstrate that his offense was a second-degree misdemeanor. In any event, §2701(b)(1) does not change the elements of a §2701(a)(3) offense, only the *grading* of

3

that offense. See Commonwealth v. Hodges, 193 A.3d 428, 434 (Pa. Super. Ct. 2018). Because this Court has already concluded in Singh that the elements of § 2701(a)(3) categorically make it a crime of violence for purposes of § 16(a), the agency properly concluded that Tomlinson was removable due to an aggravated felony conviction.[1]

Accordingly, we will deny Tomlinson's petition for review.

---

[1] Tomlinson also makes arguments about his 2017 conviction in his brief, but the BIA ruled only on his aggravated felony conviction and did not reach that alternative ground for removability. We review only the grounds decided by the BIA in its decision. See Myrie v. Att'y Gen. of the U.S., 855 F.3d 509, 515 (3d Cir. 2017).