J-A03033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIELLE LOVETT | : | |
| | : | |
| Appellant | : | No. 496 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004459-2019

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                              **FILED JUNE 13, 2023**

Appellant, Danielle Lovett, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following her bench trial conviction of simple assault and terroristic threats.[1]  We affirm.

The trial court set forth the facts and procedural history of this case as follows:

> On March 23, 2019, Appellant assaulted the complainant, Naimah Burgess ("Ms. Burgess"), on the 3600 block of Reedland Street in the city and county of Philadelphia, Pennsylvania.  At the time of the incident, Ms. Burgess was dating Hasaad Donaldson ("Mr. Donaldson"), who fathered two of Appellant's children and lived with Ms. Burgess on the 3600 block of Reedland Street.  (N.T. Trial, 1/11/22, at 9-13).

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a) and 2706(a), respectively.

In the days before the altercation, Appellant repeatedly called and text messaged Ms. Burgess to engage her to fight. Appellant threatened to fight Ms. Burgess immediately upon sight. On the day before the incident, March 22, 2019, Appellant's two children were at Ms. Burgess's home when Appellant called and demanded to meet with them. Ms. Burgess acquiesced, but when Appellant arrived at Ms. Burgess's home, she kicked at the door and again threatened to fight. Ms. Burgess called the police, and upon their arrival, she gave Appellant her children. However, even after obtaining her children, Appellant returned to Ms. Burgess's home "kicking and banging on [her] door to fight." Having no desire to fight Appellant, Ms. Burgess remained inside her home. (*Id.* at 18-20).

On the following day, March 23, 2019, Appellant and her co-defendant, Charlene Sills ("Ms. Sills"), called Ms. Burgess "screaming in the phone" that they wanted to fight. Appellant told Ms. Burgess to meet them at the park at the top of Ms. Burgess's block, but Ms. Burgess said no. Ms. Burgess testified that she had no desire to fight and no intention of meeting Appellant at the park. (*Id.* at 20-28).

Ms. Burgess did, however, leave home that evening around 8:00 p.m. Accompanied by her two cousins and a friend, Ms. Burgess intended to walk to a food store in the opposite direction of the park. After walking halfway down the block, Ms. Burgess saw Appellant, Ms. Sills, and another individual walking towards her. Upon seeing Appellant, Ms. Burgess believed she would be forced to fight given Appellant's previous threats. (*Id.* at 22-23, 31-33, 47-48).

Ms. Burgess testified that Appellant approached her and punched her in the face. The two women then exchanged punches and kicks and wrestled each other to the ground. While on the ground, Ms. Burgess heard a gunshot and stopped fighting. She rose to her feet to see who fired a gun, saw Ms. Sills with a gun, and ran home with her companions. Ms. Burgess heard one more gunshot as she ran away.

After returning home, Ms. Burgess received another phone call from Appellant and Ms. Sills, who told Ms. Burgess to

"meet them somewhere else" to continue fighting. Ms. Sills stated that she would be "giving out headshots," which according to Ms. Burgess meant shooting people in the head. By then, however, someone had already called the police, who arrived to investigate the shooting incident. (*Id.* at 15-17).[1]

> [1] Ms. Burgess's boyfriend, Mr. Donaldson, testified that before the altercation he received a call at work regarding an "emergency" at home. Upon arriving home, he heard Ms. Burgess on the phone with Appellant and Ms. Sills, who were summoning Ms. Burgess to the park. Mr. Donaldson testified that he did not witness the physical altercation but that he heard a gunshot, came outside to the street, and saw "everybody running towards" him. (*Id.* at 63-68).

Detective Timothy Gibson was assigned that night to investigate the incident. Upon arriving at the scene—*i.e.*, the 3600 block of Reedland Street—he recovered one .9 millimeter fired cartridge casing and two "live .9 millimeter rounds." Detective Gibson subsequently executed a search warrant of Ms. Sills' home and recovered a loaded .9 millimeter semiautomatic handgun and a loaded .40 caliber semiautomatic handgun. (*Id.* at 81-86).

(Trial Court Opinion, 4/14/22, at 1-3) (citation formatting provided, some footnotes omitted).

The trial court conducted a bench trial on January 11, 2022. At the conclusion of trial, the court found Appellant guilty of simple assault and terroristic threats and sentenced her to one year of probation for each conviction. Appellant filed a timely notice of appeal on February 1, 2022. Pursuant to the court's order, she filed a statement of errors complained of on appeal on March 17, 2022, per Pa.R.A.P. 1925(b).

Appellant raises the following issue on appeal:

Was the evidence insufficient for conviction of simple assault as a misdemeanor of the second degree, insofar as the Commonwealth failed to prove that the assault occurred outside of the context of a fight by mutual consent, which is an element of the offense?

(Appellant's Brief at 4).

Our well-settled standard and scope of review for a challenge to the sufficiency of the evidence underlying a conviction are as follows:

When examining a challenge to the sufficiency of the evidence:

The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

This standard is equally applicable in cases where the evidence is circumstantial, rather than direct, provided that the combination of evidence links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Orr*, 38 A.3d 868, 872-73 (Pa.Super. 2011) (*en banc*), *appeal denied*, 617 Pa. 637, 54 A.3d 348 (2012) (internal citations, quotation marks, and emphasis omitted).

Appellant argues that the evidence underlying her conviction for simple assault was insufficient because the Commonwealth failed to disprove that the fight between Appellant and Ms. Burgess was entered into by mutual consent. Appellant claims that in addition to proving that she intentionally, knowingly, or recklessly caused bodily injury to another, the Commonwealth was required to establish an additional element—lack of a fight by mutual consent. Appellant asserts that the absence of a fight by mutual consent is a fact that increases the punishment of an offense, resulting in grading of the offense as a second-degree misdemeanor rather than a third-degree misdemeanor. Under *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), Appellant contends the Commonwealth was required to prove this element at trial beyond a reasonable doubt. Appellant insists that the Commonwealth failed to do so such that the evidence was insufficient to establish simple assault as a misdemeanor of the second degree. We disagree.

An individual is guilty of simple assault if she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). Intent may be proven by circumstantial evidence that reasonably suggests a defendant intended to cause injury. *Commonwealth*

*v. Martuscelli*, 54 A.3d 940, 948 (Pa.Super. 2012). Bodily injury is the "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

The Crimes Code further provides that "simple assault is a misdemeanor of the second degree unless committed…(1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree…." 18 Pa.C.S.A § 2701(b). "[O]nce the Commonwealth prove[s the defendant] committed a simple assault pursuant to subsection 2701(a)(1), the trial court ha[s] the discretion to grade that offense as a second or third-degree misdemeanor pursuant to the dictates of subsection 2701(b)(1) and sentence [her] accordingly." *Commonwealth v. Hodges*, 193 A.3d 428, 434 (Pa.Super. 2018), *appeal denied*, 651 Pa. 5, 202 A.3d 40 (2019) (citation omitted).[2]

Significantly, to prove Appellant's guilt of simple assault, the Commonwealth has no burden under Section 2701(b)(1) "to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a simple assault." *Id.* (citation omitted). "That the offending conduct occurred

---

[2] Appellant argues that this Court's holding in **Hodges** violates the Supreme Court's holding in **Alleyne**, which held that any fact that **increases** the penalty for an offense is an element of the offense and thus must be proven at trial beyond a reasonable doubt. Nevertheless, Section 2701(b) is clear that simple assault is a misdemeanor of the second degree "**unless** entered into by mutual consent, in which case it is a [misdemeanor of the third degree]." **Hodges, supra** at 435 (explaining that "a decrease is at issue, not an increase in penalty"). Therefore, a finding of mutual consent would **mitigate** the penalty and **Alleyne** does not apply.

during a mutual fight or scuffle is relevant only with respect to the subsequent **grading** of the offense." *Id.* (emphasis in original).

A challenge to the proper grading of an offense implicates the legality of the sentence imposed. ***Commonwealth v. Felder***, 75 A.3d 513, 515 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 482 (2013). "Issues relating to the legality of a sentence are questions of law," therefore, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Diamond***, 945 A.2d 252, 256 (Pa.Super. 2008), *appeal denied*, 598 Pa. 755, 955 A.2d 356 (2008).

Instantly, the trial court concluded that "Appellant clearly committed a simple assault by instigating a fight with Ms. Burgess and punching her in the face." (Trial Court Opinion at 7). Appellant does not dispute this finding. Additionally, contrary to Appellant's claims, the Commonwealth was not required "to disprove that the offending conduct occurred during a mutual fight or scuffle to establish a simple assault." ***See Hodges, supra***. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to support Appellant's conviction of simple assault. ***See*** 18 Pa.C.S.A. § 2701(a)(1); ***Orr, supra***.

Regarding whether the simple assault should have been graded as a second or third-degree misdemeanor, Appellant argues that she and Ms. Burgess entered the fight by mutual consent. As the trial court observed, however:

The testimony belies Appellant's claim and establishes that Appellant sought to fight Ms. Burgess on two consecutive days, while Ms. Burgess sought to evade an altercation. On the day before the fight, Appellant went to Ms. Burgess's house, banged on her door, and beckoned her outside to fight. Ms. Burgess refused to fight, remained inside, and called the police. The next day, Appellant sought to meet Ms. Burgess at a nearby park to fight, and Ms. Burgess again refused. (N.T. [Trial at] 19-23).

The fight ultimately occurred when Ms. Burgess encountered Appellant while walking to the food store, at which point Ms. Burgess knew Appellant intended to strike her. Only after Appellant punched her in the face did Ms. Burgess reciprocate and hit back. (*Id.* at 15, 47-48). Given Appellant's repeated threats to assault her upon sight, Ms. Burgess believed she would be "forced to fight" when she saw Appellant on the street. (*Id.* at 27-28, 32, 48-49). That belief was demonstrably reasonable.

The testimony therefore establishes that Ms. Burgess did not want to fight, sought to evade a fight, and felt forced to fight only after Appellant punched her in the face. Under these circumstances, it cannot reasonably be concluded that Appellant and Ms. Burgess mutually consented to fight[.]

(Trial Court Opinion at 7).

The record supports the trial court's factual finding that Appellant was the aggressor and there was no mutual consent to fight. Therefore, the court properly graded the offense as a misdemeanor of the second degree. *See Felder, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023