J-S05006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SIMON BRADSTREET | : | |
| | : | |
| Appellant | : | No. 882 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 16, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007183-2022

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                  **FILED FEBRUARY 21, 2025**

Simon Bradstreet appeals from the judgment of sentence imposing two years of probation after the trial court found him guilty of simple assault.  We affirm.

The trial court offered the following summary of the underlying facts:

[Arya] Zainab met Appellant on a dating app in May of 2022.  On May 29, 2022, at approximately 9:00 p.m., she went to Appellant's apartment to hang out.  According to Ms. Zainab, she and Appellant were in his bedroom, where they began horsing around and "play fighting."  At some point, Appellant forcefully placed Ms. Zainab in a headlock (against her will) for [one to two] minutes.  Ms. Zainab stated that she repeatedly asked Appellant to let go but he refused.  [Ms.] Zainab managed to break free, at which point Appellant pulled her by her arms and hair across the floor.  Ms. Zainab scratched Appellant and hit him in the groin with a detergent bottle, causing him to let go.  Appellant then demanded that Ms. Zainab leave his apartment and escorted her

_____

[*] Former Justice specially assigned to the Superior Court.

out. As a result of the assault, Ms. Zainab suffered cuts, abrasions
and bruising to her face, lips, neck[,] and legs.

Trial Court Opinion, 5/29/24, at 2 (capitalization altered). Ms. Zainab reported the incident to police a few days later. They interviewed her and took pictures of her injuries.

The Commonwealth subsequently charged Appellant with strangulation, indecent assault, simple assault, reckless endangerment, attempted rape, attempted sexual assault, and indecent assault. Appellant filed a motion to quash the sex-related charges, which was granted. On October 5, 2023, Appellant proceeded to a nonjury trial on the remaining counts. The Commonwealth presented testimony from Ms. Zainab, Officer Joseph Sliner, and Detective Valerie Gonzalez. Appellant's father, who shared the apartment with Appellant, testified in his defense that he heard no sounds of a struggle while Ms. Zainab was there. The court found Appellant guilty of simple assault but acquitted him of reckless endangerment and strangulation.

Sentencing was deferred for the preparation of a pre-sentence investigation report and mental health evaluation. Appellant filed a post-trial motion to, *inter alia*, change the grading of his conviction from a second-degree misdemeanor to third-degree.[1] The court denied that motion by order and again at sentencing. Ultimately, Appellant received a sentence of two years of probation.

_____

[1] As will be discussed at length *infra*, simple assault is a misdemeanor of the second degree, but if the assaultive conduct occurs during a mutual fight, it will be downgraded to third degree. **See** 18 Pa.C.S. § 2701(b)(1).

This timely appeal followed. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement.[2] Appellant complied, raising challenges to the sufficiency of the evidence, and the court authored a Rule 1925(a) opinion. He now presents the following issues for our consideration:

1. Was the evidence insufficient to sustain [Appellant]'s conviction for simple assault where the Commonwealth failed to prove that [he] caused bodily injury intentionally, knowingly, or recklessly?

2. Was the evidence insufficient for simple assault as a misdemeanor of the second degree where the Commonwealth failed to prove that the purported simple assault did not occur during a mutual fight?

3. Is [Appellant]'s sentence illegal where he was sentenced on the charge of simple assault as a misdemeanor of the second degree even though he and Ms. Zainab entered into a playfight by mutual consent?

Appellant's brief at 2.

We begin with Appellant's first sufficiency challenge, which we review according to the following, well-established legal tenets:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in

_____

[2] We remind the trial court that this order must include "both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement[,]" and provide notice "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived." Pa.R.A.P. 1925(b)(3)(iii-iv). Presently, the trial court did not include the pertinent address and incorrectly advised that a failure to timely file the statement "may be considered by the appellate court as a waiver of all objections[.]" Order, 3/18/24.

contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

We must evaluate the entire record and we must consider all evidence actually received. In passing upon the credibility of witnesses and the weight of the evidence, the trier of fact is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Hodges*, 193 A.3d 428, 435–36 (Pa.Super. 2018) (cleaned up).

Appellant insists that the evidence was insufficient to sustain his simple assault conviction "because he did not act recklessly when he caused Ms. Zainab to suffer minor injuries." Appellant's brief at 10. An individual is guilty of simple assault if he "attempts to cause or intentionally, knowingly[,] or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1).

As described by the trial court, Appellant placed Ms. Zainab "in a headlock for [one to two] minutes and ignored her screams and repeated requests to disengage. Even after [she] managed to break free, Appellant pulled her by the arms and hair across the bedroom floor." Trial Court Opinion, 5/29/24, at 4 (capitalization altered). The court found that these actions exceeded the initial horseplay in which the two engaged: "[i]t was clear from Ms. Zainab's testimony that she no longer wanted to play. Nevertheless, Appellant continued the unwanted touching and rough behavior. Appellant's actions were not playful, accidental[,] or negligent. They were assaultive." *Id*. (capitalization altered).

- 4 -

Viewing the evidence in the light most favorable to the Commonwealth, we wholly agree with the trial court's assessment that Appellant recklessly caused bodily injury to Ms. Zainab by holding her in a headlock, despite her protestations and dragging her across the room by her arms and hair. *See* *Hodges*, 193 A.3d at 436 (deeming evidence sufficient to establish Hodges intentionally, knowingly, or recklessly caused bodily injury to the victim when he grabbed her around the throat, refused to let go when she tried to loosen his hold, and kicked and punched her after releasing her neck). Accordingly, we conclude that Appellant is not entitled to relief on his first issue.

In his remaining claims, Appellant argues, through the alternate lenses of sufficiency of the evidence and legality of sentence, that because his conduct occurred during a mutual fight, his conviction should have been graded as a misdemeanor of the third degree.[3] *See* Appellant's brief at 15-22.

In *Hodges*, this Court analyzed a similar dual claim. Therein, the evidence showed that the victim had "willingly engaged [Hodges] in a verbal disagreement[, but it did] not demonstrate she consented to the ensuing physical melee clearly and solely prompted by [his] unilateral decision to palpably escalate the situation when he grabbed her around the throat[.]"

_____

[3] Despite not raising the illegal sentencing issue below, it is not waived. In addition to our hesitance to find any issue waived for failure to include it in a Rule 1925(b) statement when the trial court's order triggering that responsibility was non-compliant, illegal sentencing claims are immune to Pa.R.A.P. 302's traditional waiver doctrine. *See Commonwealth v. Hodges*, 193 A.3d 428, 433 (Pa.Super. 2018). Thus, this issue is properly before us.

*Hodges*, 193 A.3d at 430 (cleaned up). On appeal, Hodges "contend[ed] his sentence [wa]s illegal because there was no factual finding that the fight was entered into without mutual consent." *Id*. at 433. However, we held that the Commonwealth was not required to disprove a mutual fight to sustain a conviction for simple assault. *Id*. at 434. Rather, "[t]hat the offending conduct occurred during a mutual fight or scuffle is relevant only with respect to the subsequent **grading** of the offense." *Id*. (quoting *Commonwealth v. Norley*, 55 A.3d 526, 530 (Pa.Super. 2012) (emphasis in original)). Moreover, we emphasized that "[a] finding of mutual consent would **mitigate** the penalty, not increase it." *Id*. at 435 (emphasis added).

Notwithstanding this precedent, Appellant alleges that the *Hodges* Court ignored *Alleyne v. United States*, 570 U.S. 99 (2013), and posits that "[t]he absence of a mutual fight **elevates** the gradation of simple assault from a third-degree misdemeanor to a second-degree misdemeanor." Appellant's brief at 15-18 (emphasis added). In other words, Appellant sets the default simple assault grading as a third-degree misdemeanor, and claims that the grading is only increased to a second-degree misdemeanor if the assault is "the result of an unprovoked attack[.]" *Id*. at 18. Thus, he insists that the Commonwealth was required to "prove the absence of a mutual fight at a simple assault trial." *Id*. at 19.

In *Alleyne*, the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570

U.S. at 103 (cleaned up). It continued: "Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id*.

Appellant's reading flips the grading statute on its head. In context, it provides instead that simple assault be graded as a second-degree misdemeanor "**unless committed**: (1) in a fight or scuffle entered into by mutual consent, in which case it is a misdemeanor of the third degree[.]" 18 Pa.C.S. § 2701(b)(1) (emphasis added). Stated differently, the finding of a mutual fight **decreases** the penalty for the crime.[4] Indeed, this Court, in a non-precedential decision, considered and rejected Appellant's precise argument based upon a plain reading of the grading statute:

> [Lovett] argues that this Court's holding in *Hodges* violates the Supreme Court's holding in *Alleyne*, which held that any fact that **increases** the penalty for an offense is an element of the offense and thus must be proven at trial beyond a reasonable doubt. Nevertheless, [§] 2701(b) is clear that simple assault is a misdemeanor of the second degree **unless entered into by mutual consent, in which case it is a misdemeanor of the third degree**. Therefore, a finding of mutual consent would **mitigate** the penalty and *Alleyne* does not apply.

_____

[4] Contrarily, the other exception increases the grading to a misdemeanor of the first degree if the assault is lodged "against a child under [twelve] years of age by a person [eighteen] years of age or older[.]" 18 Pa.C.S. § 2701(b)(2).

- 7 -

*Commonwealth v. Lovett*, 301 A.3d 899, 899, 2023 WL 3961821, at \*3 n.2 (Pa.Super. 2023) (non-precedential decision) (cleaned up, emphasis in original). Appellant has not convinced us to deviate from this reasoning.

Based on the foregoing, we conclude that *Alleyne* is not implicated, and that Appellant's argument attacks not the sufficiency of the evidence, but the legality of his sentence because it questions the grading of his conviction. *See Commonwealth v. Seladones*, 305 A.3d 83, 85 (Pa.Super. 2023) (cleaned up). "In reviewing such a challenge, our standard of review is *de novo* and our scope of review is plenary." *Id*. (cleaned up).

As noted, the grading depended upon whether the trial court determined that Appellant's conduct occurred during "a fight or scuffle entered into by mutual consent[.]" 18 Pa.C.S. § 2701(b)(1). "Mutual combat infers that both parties 'agreed' to fight and that there was no aggressor." *Commonwealth v. Cannon*, 563 A.2d 918, 922 (Pa.Super. 1989) (cleaned up).

Here, the trial court graded Appellant's simple assault conviction as a misdemeanor of the second degree because Ms. Zainab "did not consent or agree to participate in assaultive behavior with [A]ppellant." Trial Court Opinion, 5/29/24, at 5. Appellant's argument is revealing. He agrees with the trial court that if he had "continued fighting with Ms. Zainab long after it became clear that she no longer wished to play, the lower court's reasoning would be sound." Appellant's brief at 22. However, he maintains that because he "stopped playfighting once Ms. Zainab hit him with a bottle of laundry detergent, signaling that their playfighting was making her uncomfortable[,]

. . . the evidence shows that he stopped once he became aware that bodily injury might result." ***Id***.

Plainly, the initial tickling and roughhousing engaged in by Ms. Zainab and Appellant was not an agreement to engage in a brawl. Therefore, his characterization of their hijinks as "fighting" is misleading. Moreover, it is apparent from his argument that the only bodily injury Appellant was concerned about was his own. The certified record confirms that Appellant's conduct went beyond the horseplay in which the two had initially engaged, and he caused bodily injury to Ms. Zainab despite her pleas to stop and attempt to leave. As noted by the court at sentencing, "[i]t wasn't a fisticuffs where [they] both engage -- agree to go to blows with one another. They were playing and [Appellant] exceeded the conduct of the [play] and entered into assaultive behavior." N.T. Sentencing, 2/16/24, at 10-11. We hold that the trial court did not err in concluding that the mitigated grading for mutual fights did not apply to Appellant's assaultive behavior during their frolicking, thereby maintaining the grading of Appellant's conviction as a second-degree misdemeanor. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025

- 9 -