J-S67008-19

2020 PA Super 135

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA DOUGLAS LOCK | : | |
| | : | |
| Appellant | : | No. 1110 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 13, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-SA-0000320-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY OLSON, J.:                    **FILED: JUNE 8, 2020**

Appellant, Joshua Douglas Lock, appeals from the judgment of sentence entered on June 13, 2019.  We affirm.

On September 3, 2018, Appellant was issued a non-traffic citation for violating 3 P.S. § 459-305(a)(1) of the Dog Law.  Section 459-305(a)(1), which is a summary offense, declares:

> **(a) Confinement and control.**--It shall be unlawful for the owner or keeper of any dog to fail to keep at all times the dog in any of the following manners:
>
> (1) confined within the premises of the owner.

3 P.S. § 459-305(a)(1).

The citation declared:  "[Appellant] failed to keep a dog confined to the premises of the owner.  Dog did attack and injure a neighbor's cat." Non-Traffic Citation, 9/3/18, at 1.

---

[*] Former Justice specially assigned to the Superior Court.

On October 16, 2018, Appellant pleaded guilty to the charge in the magisterial district court and the district court sentenced Appellant to pay a $300.00 fine and $9,331.43 in restitution to the cat's owner. **See** Certificate of Disposition, 10/16/18, at 1. Appellant acknowledges that the $9,331.43 constitutes "the cost of the veterinary services provided to treat the injured cat." Appellant's Brief at 2.

Appellant filed a timely appeal from his summary conviction and, on April 26, 2019, Appellant appeared before the court of common pleas for a trial *de novo*. During the trial, Appellant admitted his guilt and Appellant further admitted: "I permitted one of our dogs to get loose, while the dog was running off the leash, it attacked the cat and caused considerable harm to the cat." N.T. Trial, 4/26/19, at 1. Nevertheless, Appellant contended that the magisterial district court erred in sentencing him to pay restitution. **See** *id.* at 1-2. Specifically, Appellant claimed that the sentence of restitution was illegal, as the applicable restitution statute, 18 Pa.C.S.A. § 1106, does not permit restitution for veterinary bills that were necessary to treat the victim's injured cat. *Id.* at 4. According to Appellant, Section 1106 "limits the amount of available restitution to the amount by which the value of the pet has been substantially decreased." *Id.* at 6.

On June 13, 2019, the trial court found Appellant guilty of the charged summary offense and sentenced Appellant to pay a $300.00 fine and $9,331.43 in restitution. Appellant filed a timey notice of appeal, raising two claims:

[1.] Whether restitution can be ordered in a prosecution for injuries to an animal under the "Dog Law"[?]

[2.] Whether the trial court erred when it ordered restitution for a property crime under 18 Pa.C.S. § 1106(a) which exceeded the decrease in the value of the property returned to the victim[?]

Appellant's Brief at 1-2 (some capitalization omitted).[1]

"In the context of criminal proceedings, it is well-settled that an order of restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. McKee**, 38 A.3d 879, 880–881 (Pa. Super. 2012) (quotations and citations omitted). Further, as our Supreme Court has held, "restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of a sentence." **Commonwealth v. Harner**, 617 A.2d 702, 704 (Pa. 1992).

In this case, the trial court imposed restitution as a part of Appellant's direct sentence, in accordance with 18 Pa.C.S.A. § 1106. **See** Trial Court Opinion, 6/13/19, at 1. In relevant part, at the time Appellant committed his crime, Section 1106(a) read:

> **(a) General rule.**--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> . . .

---

[1] For ease of discussion, we have renumbered Appellant's claims on appeal.

**(c) Mandatory restitution.**—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.  . . .

18 Pa.C.S.A. § 1106 (effective January 31, 2005 to October 23, 2018).[2]

The above statute demands that the trial court order "full restitution . . . to provide the victim with the fullest compensation for the loss." ***Id.*** Our Supreme Court has, however, held:

Because [18 Pa.C.S.A. § 1106] imposes restitution as part of a sentence, its penal character must not be overlooked and it would seem to us that restitution can be permitted under 18 Pa.C.S.A. § 1106 only as to losses for which the defendant has been held criminally accountable.  This is in keeping with the well established principle that criminal statutes must be strictly construed. ***See*** 1 Pa.C.S.A. § 1928(b)(1).

***Harner***, 617 A.2d at 705; ***see also Commonwealth v. Walker***, 666 A.2d 301 (Pa. Super. 1995) (while drunk, the defendant was involved in a two-car

_____

[2] On October 24, 2018, the legislature amended Section 1106.  Nevertheless, as we have held, the amendments are not retroactive. ***See***, ***e.g.***, ***Commonwealth v. Hunt***, 220 A.3d 582, 586 (Pa. Super. 2019) ("[w]e decline to give retroactive effect to the October 24, 2018 amendments to § 1106").

In this case, Appellant committed his offense on September 3, 2018 – prior to the effective date of the amendments.  Further, the parties agree that the pre-amendment version of Section 1106 applies to this case. ***See*** Appellant's Brief at 4; Commonwealth's Brief at 9.  Thus, in this appeal, we apply the version of Section 1106 that existed at the time Appellant committed his offense.  Notwithstanding this fact, for our purposes on this appeal, there is no substantive difference between the statute that existed at the time Appellant committed his offense and the current version of the statute.

collision; he was thereafter convicted of driving under the influence of alcohol (DUI); the Superior Court held that the trial court properly sentenced the defendant to pay restitution, under Section 1106, for the personal injuries that the occupants of the other car sustained in the crash because the defendant's "driving while under the influence was a substantial factor in causing the injuries to the victims . . . it is impossible to separate appellant's driving under the influence from the injuries resulting to the victims"); *Commonwealth v. Fuqua*, 407 A.2d 24 (Pa. Super. 1979) (*superseded by statute on other grounds, as stated in Commonwealth v. Runion*, 662 A.2d 617 (Pa. 1995)) (while drunk, the defendant lost control of his vehicle and drove into another person's house; after the defendant was convicted of DUI, the Superior Court held that the trial court properly sentenced the defendant to pay restitution, under Section 1106, to the house-owner for property damage incurred in the crash, as the "damage was a direct result of [the defendant's] crime of" DUI); *In re M.W.*, 725 A.2d 729 (Pa. 1999) ("[w]hen [restitution is] imposed as a [direct] sentence [under Section 1106], the injury to property . . . for which restitution is ordered must directly result from the crime").

We have explained that, under the plain terms of Section 1106(a), the sentencing court "is statutorily required to impose restitution . . . when the Commonwealth has established that the defendant committed a crime, the victim suffered injury to person or property, and there exists a direct causal nexus between the crime of which defendant was convicted and the loss or

damage suffered by the victim." ***Commonwealth v. Weir***, 201 A.3d 163, 170 (Pa. Super. 2018).

We turn now to consider the precise nature of Appellant's challenges to the trial court's restitution order. Regarding challenges to the imposition of restitution, we have held:

> the appellate courts have drawn a distinction between those cases where the challenge is directed to the trial court's [statutory] authority to impose restitution and those cases where the challenge is premised upon a claim that the restitution order is excessive. When the court's authority to impose restitution is challenged, it concerns the legality of the sentence; however, when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence.

***Commonwealth v. Oree***, 911 A.2d 169, 173 (Pa. Super. 2006); ***see also In re M.W.***, 725 A.2d at 731 (holding that, when an issue "centers upon [the court's] statutory authority" to impose the sentence, as opposed to the "court's exercise of discretion in fashioning" the sentence, the issue implicates the legality of the sentence); ***Walker***, 666 A.2d at 307 ("challenges alleging that a sentence of restitution is excessive under the circumstances have been held by this court to be challenges to the discretionary aspects of sentencing").

Both of Appellant's claims on appeal contend that the trial court lacked statutory authority to order restitution for veterinary bills the victim paid to treat his injured cat. Appellant's Brief at 4. These claims implicate the legality of Appellant's sentence. ***See Oree***, 911 A.2d at 173. Thus, since Appellant's challenges go to the legality of his sentence, "our standard of review

- 6 -

[regarding his challenges] is *de novo* and our scope of review is plenary."
***Commonwealth v. Saunders***, 946 A.2d 776, 787 n. 12 (Pa. Super. 2008).

First, Appellant claims that restitution is not one of the prescribed penalties for violating the Dog Law and, thus, the trial court did not have the ability to sentence him to pay restitution for violating the Dog Law. Appellant's Brief at 6. This claim fails.

As quoted above, Section 1106(a) declares: "Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, . . . the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S.A. § 1106(a) (effective January 31, 2005 to October 23, 2018). Section 1106(h) then defines the term "crime" as "[a]ny offense punishable under this title [(*i.e.* Title 18)] **or by a magisterial district judge**." 18 Pa.C.S.A. § 1106(h) (emphasis added).

Appellant's violation of 3 P.S. § 459-305(a)(1) of the Dog Law was a summary offense and, thus, "punishable . . . by a magisterial district judge." ***See id.***; ***see also*** 3 P.S. § 459-903(b)(1) (declaring that, for the first offense, a person who violates § 459-305 commits a summary offense); 42 Pa.C.S.A. § 1515(a)(1) (declaring that magisterial district judges have jurisdiction over summary offenses). Therefore, under the express terms of Section 1106, the trial court possessed statutory authority to order Appellant to pay restitution

for violating 3 P.S. § 459-305(a)(1) of the Dog Law. Appellant's claim to the contrary is belied by the plain language of Section 1106 and, thus, fails.[3]

Next, Appellant claims the trial court lacked statutory authority to order restitution for the amount the victim spent to treat his injured cat. According to Appellant:

> [Section 1106] authorizes the imposition of restitution for an injury to property to the extent . . . that the value of the property has been decreased. No other applicable basis exists for determining the amount of restitution. Accordingly, the calculation of restitution based upon the cost of veterinary care incurred in the treatment of the injured animal . . . is patently illegal. . . . [R]estitution [] cannot be determined by the cost of the veterinary services provided in treating the injuries to the cat. [Restitution] is limited to the decrease in the value of the cat.

Appellant's Brief at 4-5.

Appellant's argument is unavailing. As we have held, "[r]estitution, . . . as it relates to property damage, can be made by either the return of the original property or the payment of money necessary to replace, **or to repair the damage to, the property**." ***Commonwealth v. Genovese***, 675 A.2d 331, 333 (Pa. Super. 1996) (emphasis added). Simply stated, the victim in this case was statutorily entitled to "full restitution" "so as to provide [him]

---

[3] To the extent Appellant claims that the order of restitution is illegal because the Dog Law contains its own provision for penalties and this provision does not specifically authorize restitution, Appellant's claim also fails. ***See***, ***e.g.***, Appellant's Brief at 6. To be sure, Section 1106(a) specifically declares that the trial court must order restitution "**in addition to** the punishment prescribed" for the crime. 18 Pa.C.S.A. § 1106(a) (emphasis added).

with the fullest compensation for [his] loss." 18 Pa.C.S.A. § 1106(c). Further, in accordance with our precedent, since Appellant's dog injured (and did not kill) the victim's cat, the victim was statutorily entitled to restitution in the amount necessary "to repair the damage to" his cat. *See Genovese*, 675 A.2d at 333. As Appellant admits that the $9,331.43 in restitution constitutes "the cost of the veterinary services provided to treat the injured cat," we conclude that the trial court possessed statutory authority to order Appellant to pay the victim restitution in the amount of $9,331.43 and that Appellant's illegal sentencing claim thus fails.[4] *See* Appellant's Brief at 2.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020

---

[4] To the extent Appellant claims that the sentence of restitution is illegal because the "cost of [the] veterinary care exceeds the value of the animal," Appellant's claim is unsupported by the record and fails. *See* Appellant's Reply Brief at 2. Simply stated, the record does not contain any evidence regarding the cat's value. *See* N.T. Trial, 4/26/19, at 1-10. However, **based upon the record evidence**, the trial court possessed the statutory authority to order Appellant to pay restitution, to the victim, for the cost of the veterinary services provided to treat the injured cat because: the Commonwealth proved Appellant violated 3 P.S. § 459-305(a)(1) of the Dog Law and, as a direct result of this crime, Appellant's dog attacked the victim's cat and caused damages that required $9,331.43 to repair. *See Weir*, 201 A.3d at 170.