J-S16012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH A. HERBERT :
:
Appellant : No. 224 MDA 2021

Appeal from the PCRA Order Entered January 13, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000411-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 08, 2022**

Keith A. Herbert appeals, *pro se*, from the order dismissing his petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546. On appeal, Herbert challenges the validity of his guilty plea,

various aspects of his sentence, and the effectiveness of his prior counsel.

After review, we affirm.

This Court previously summarized the factual history underlying the

instant matter as follows:

> In the early morning hours of February 26, 2018, [Herbert] broke
> into the Unity Café in Shenandoah and subsequently fled the
> scene in a vehicle. Officer[s] Stamets and Bowman were nearby
> in a patrol car when they received a radio report of the burglary.
> After observing [Herbert's] vehicle traveling westbound on East
> Centre Street, Officer Stamets activated the patrol car's
> emergency lights and attempted to block [Herbert's] vehicle from

_____

[*] Retired Senior Judge assigned to the Superior Court.

fleeing the area. However, [Herbert's] car collided with the police vehicle and [Herbert] ran from his vehicle. After a brief foot chase, Officer Stamets apprehended [Herbert].

*Commonwealth v. Herbert*, 222 A.3d 866, 591 MDA 2019 (Pa. Super. filed Oct. 23, 2019) (unpublished memorandum at 1-2).

In 2019, Herbert entered an open guilty plea to one count each of burglary, criminal mischief, flight to avoid apprehension, resisting arrest, recklessly endangering another person, fleeing or attempting to elude a police officer, and driving under the influence of a controlled substance with impaired ability to drive ("DUI").[1] In exchange, the Commonwealth agreed to *nolle prosse* the remaining charges.

At the start of the sentencing hearing, Herbert unsuccessfully sought to withdraw his guilty plea. The trial court sentenced Herbert to an aggregate term of 11 to 22 years in prison, with credit for time served. The court also ordered Herbert to pay the costs of prosecution, a $1,000 fine for the DUI conviction, and restitution in the amount of $9,644.45 to Integrated Risk Management Insurance Company.

On direct appeal, counsel filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Herbert did not hire alternate counsel or raise any additional issues *pro se*. This Court permitted

---

[1] *See* 18 Pa.C.S.A. §§ 3502(a)(4), 3305(a)(5), 5126, 5104, 2705; 75 Pa.C.S.A. §§ 3733, 3802(d)(2).

appellate counsel to withdraw and affirmed Herbert's judgment of sentence. *See Herbert*, 591 MDA 2019 (unpublished memorandum).

On September 3, 2020, Herbert filed a timely, *pro se* PCRA petition. The PCRA court appointed Herbert counsel, who filed a motion to withdraw as counsel and a *Turner*/*Finley*[2] no-merit letter. The PCRA court permitted counsel to withdraw and issued notice of its intent to dismiss Herbert's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Herbert did not respond to the Rule 907 notice, and the PCRA court denied his petition on January 13, 2021. The instant appeal followed.[3]

Our appellate review of the denial of PCRA relief "is limited to examining whether the PCRA court's findings of fact are supported by the record, and

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Herbert's *pro se* notice of appeal is facially untimely. The thirtieth day following the entry of the order denying Herbert's PCRA petition was Friday, February 12, 2021, and the following Monday was a holiday. *See generally* 1 Pa.C.S.A. § 1908 (providing that if the last day of a statutory time period falls on a weekend or legal holiday, that day shall be omitted from the computation of time). Herbert's *pro se* notice of appeal was docketed on Tuesday, February 16, 2021. Under the prisoner mailbox rule, Herbert's *pro se* notice of appeal is deemed filed on the date he delivers the filing to prison authorities for mailing. *See Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011). Herbert's notice of appeal was entered on the docket on the first business day following February 12, 2021; it is therefore likely that Herbert mailed his notice of appeal before that date. We decline to quash Herbert's appeal. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (declining to quash facially untimely *pro se* notice appeal despite lack of postmark, where it was apparent from the date of receipt that the *pro se* appellant timely mailed his notice of appeal).

whether its conclusions of law are free from legal error." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. Super. 2012) (citation omitted).

On appeal, Herbert contends his sentence is illegal pursuant to 42 Pa.C.S.A. § 9726(c). ***See*** Appellant's Brief at 8. Section 9726(c)(2) provides that a sentencing court shall not impose a fine "unless it appears of record that … the defendant is or will be able to pay the fine." 42 Pa.C.S.A. § 9726(c)(1). Accordingly, Herbert specifically challenges the court's power to impose fines and restitution without conducting an ability to pay hearing. ***See id.*** at 8-9.[4]

A challenge to the legality of a sentence cannot be waived so long as the reviewing court has jurisdiction. ***See Commonwealth v. Finnecy***, 249 A.3d 903, 912 (Pa. Super. 2021) ("[S]entencing illegality claims are always subject to review under the PCRA when raised in a timely petition."). In considering an illegal sentence claim, "our standard of review is plenary and is limited to determining whether the trial court committed an error of law."

_____

[4] In this portion of his appellate brief, Herbert also argues the Commonwealth erroneously added text to the criminal information, beyond the scope of the statutory language, for the offenses of burglary and flight to avoid apprehension. ***See*** Appellant's Brief at 10-11. This issue is not identified in his statement of questions involved, and Herbert fails to explain why the addition of words indicating the requisite *mens rea* in the criminal information resulted in an illegal sentence. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Further, our review of the criminal information reveals no misstatements of the law for the challenged offenses.

*Commonwealth v. Hodges*, 193 A.3d 428, 433 (Pa. Super. 2018) (citation omitted).

Here, Herbert pled guilty to DUI under 75 Pa.C.S.A. § 3802(d)(2). The penalties provision at Section 3804 mandates imposition of "a fine of not less than $1,000 nor more than $5,000" for a first-time conviction under Section 3802(d). 75 Pa.C.S.A. § 3804(c)(1)(ii). This Court has specifically held that a fine of at least $1,000 is mandatory under Section 3804(c)(1)(ii). *See Commonwealth v. May*, 271 A.3d 475, 482 (Pa. Super. 2022). As a result, 42 Pa.C.S.A. § 9726(c) is inapplicable to fines imposed under Section 3802(d)(2) *See id.* Accordingly, the trial court was not required to conduct an ability to pay hearing for the mandatory DUI fine.

Turning to the issue of restitution, we first observe that the trial court ordered payment of restitution in this instance as a direct sentence, rather than as a condition of probation. *See generally Commonwealth v. Whatley*, 221 A.3d 651, 653-54 (Pa. Super. 2019) (explaining the respective purposes of direct restitution and restitution as a probation condition). "In criminal proceedings, an order of restitution is not simply an award of damages, but is, rather, a sentence." *Commonwealth v. McCabe*, 230 A.3d 1199, 1208 (Pa. Super. 2020). Direct restitution is governed by 18 Pa.C.S.A. § 1106, which provides for mandatory restitution to provide a crime victim with compensation for losses resulting from the defendant's criminal conduct. *See Commonwealth v. Lock*, 233 A.3d 888, 891 (Pa. Super. 2020)

(explaining the requirement of a "causal nexus between the crime of which defendant was convicted and the loss or damage suffered by the victim." (citation omitted)). Section 1106 directs the court to impose full restitution "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S.A. § 1106(c)(1)(i). Therefore, the trial court was not obligated to consider Herbert's ability to pay when it ordered payment of restitution. Because the court was not required to consider Herbert's ability to pay the mandatory fine or restitution, Herbert's illegal sentence claim fails.

Herbert next challenges the 3- to 6-year sentence imposed pursuant to his conviction for fleeing or attempting to elude a police officer. **See** Appellant's Brief at 12. According to Herbert, he pled guilty to the offense as a second-degree misdemeanor, and the trial court imposed an illegal sentence beyond the statutory maximum. **See id.** at 13.

A sentence which exceeds the statutory limits is illegal and is subject to correction. **See Hodges**, 193 A.3d at 433.

Here, Herbert pled guilty to fleeing or attempting to elude a police officer pursuant to 75 Pa.C.S.A. § 3733(a); however, Herbert ignores his simultaneous guilty plea to DUI. The Vehicle Code provides that a Section 3733 offense "constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer … commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance)[.]" 75

Pa.C.S.A. § 3733(a.2)(2)(i). For a third-degree felony, the Crimes Code provides for a maximum sentence of 7 years. *See* 18 Pa.C.S.A. § 1103(3). Accordingly, Herbert's sentence of 3 to 6 years for fleeing or attempting to elude a police officer is within the statutory limit, and he is not entitled to relief on this claim.

In his final claim, Herbert asserts that plea counsel, direct appeal counsel, and PCRA counsel were ineffective. *See* Appellant's Brief at 13. Herbert claims plea counsel was ineffective for failing to (1) object to the defective plea colloquy; (2) challenge the absence of an ability to pay hearing; and (3) file a motion pursuant to Pa.R.Crim.P. 600. *See id.* at 13-14. Herbert also argues his direct appeal counsel was ineffective for withdrawing pursuant to *Anders* without raising these claims on appeal. *See id.* at 14. Finally, Herbert claims his PCRA counsel was ineffective for failing to raise each of the above claims. *See id.* at 15-16. We will address each of these arguments in turn.

Preliminarily, we presume that counsel is effective, and the appellant bears the burden of proving otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate that: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth*

*v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Failure to satisfy any prong of the ineffectiveness test requires rejection of the claim. *See Commonwealth v. Roane*, 142 A.3d 79, 88 (Pa. Super. 2016) (citation omitted).

We first consider Herbert's assertion that counsel rendered ineffective assistance in connection with his guilty plea by failing to challenge the validity of the colloquy.[5] A criminal defendant is entitled to effective counsel during the guilty plea process. *See Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017). "A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty." *Id.* (citation omitted); *see also Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*) (explaining that an appellant must show counsel's ineffectiveness led to an unknowing, involuntary, or unintelligent plea). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations and quotation marks omitted).

---

[5] Herbert also raises an independent challenge to the validity of his guilty plea. *See* Appellant's Brief at 7-8. However, Herbert did not allege his guilty plea was unlawfully induced. *See generally* 42 Pa.C.S.A. § 9543(a)(2)(iii). We will address the validity of Herbert's guilty plea as part of our analysis of his ineffectiveness claim.

Pennsylvania Rule of Criminal Procedure 590 requires a trial court to ask the following questions to ensure a guilty plea is knowingly, intelligently, and voluntarily entered:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to a trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreements?

Pa.R.Crim.P. 590, Cmt. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted). A court may consider the totality of the circumstances surrounding the entry of a plea, including whether the record is supplemented with a completed written colloquy. ***See id.*** at 1212-13.

Herbert claims that during his guilty plea colloquy, the trial court failed to confirm that Herbert understood the right to a jury trial and the presumption of innocence. This assertion is belied by the record. Herbert

completed an extensive written guilty plea colloquy with his attorney. **See** Written Guilty Plea Colloquy, 1/31/19. The written colloquy included each of the requisite inquiries under Rule 590. **See id.** The trial court also conducted an oral colloquy on the record, during which Herbert affirmed he had discussed his rights with counsel and was satisfied that counsel had answered any questions. **See** N.T., Guilty Plea, 1/31/19, at 5. The court reviewed with Herbert the factual basis of the charges, as well as the maximum possible sentences and fines for each offense. **See id.** at 5-8. We conclude Herbert's on-the-record guilty plea colloquy, as supplemented by the completed written guilty plea colloquy, establish that Herbert entered a knowing, intelligent, and voluntary plea. Because Herbert's attack on the validity of his guilty plea lacks arguable merit, his ineffectiveness claim also fails.

Next, Herbert argues plea counsel should have objected to the court's failure to conduct an ability to pay hearing before imposing a fine and restitution. **See** Appellant's Brief at 14. As set forth *supra*, the trial court was not required to determine Herbert's ability to pay under the circumstances of this case. Accordingly, the underlying claim lacks merit, Herbert is not entitled to relief on this issue. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1222 (Pa. 2006) ("[C]ounsel will not be deemed ineffective for failing to raise a meritless claim.").

Herbert also asserts that counsel was ineffective for failing to file a Rule 600 motion to dismiss because his plea hearing did not take place within 180

days of his preliminary hearing. *See* Appellant's Brief at 14. However, Herbert fails to cite to the pertinent language of Rule 600 or provide adequate discussion of this claim. Because Herbert has failed to adequately develop this claim for our review, it is waived. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).[6]

Finally, Herbert contends that both his direct appeal and PCRA counsel were ineffective for failing to raise any of the above claims.[7] *See* Appellant's

---

[6] Even if Herbert had developed this claim, we would conclude that he is not entitled to relief. Where, as here, an action is initiated by criminal complaint, trial must commence within 365 days after the filing of the complaint. *See* Pa.R.Crim.P. 600(A)(2)(a). The criminal complaint was filed February 26, 2018, and Herbert pled guilty on January 31, 2019, within the 365 days required by Rule 600. Because the underlying claim lacks merit, counsel cannot be deemed ineffective on this basis.

[7] During the pendency of this appeal, the Pennsylvania Supreme Court issued its decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021). The *Bradley* Court held "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.* at 401. Instantly, Herbert challenged PCRA counsel's effectiveness, *pro se*, at his first opportunity following the denial of PCRA relief. *See generally Commonwealth v. Crumbley*, 270 A.3d 1171 (Pa. Super. 2022) (following remand from the Supreme Court from reconsideration pursuant to *Bradley*, addressing the merits of appellant's pre-*Bradley* challenge to PCRA counsel's effectiveness).

Brief at 14-16. As we have explained *supra*, none of Herbert's claims entitle him to relief. Therefore, neither direct appeal nor PCRA counsel can be deemed ineffective for failing to raise these issues.

Based upon the foregoing, we affirm the order dismissing Herbert's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2022