**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY CURTIS YOHE JR. | : | |
| | : | |
| Appellant | : | No. 1010 MDA 2024 |

Appeal from the PCRA Order Entered June 18, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000029-2002

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: MAY 16, 2025**

Appellant, Tony Curtis Yohe, Jr., appeals *pro se* from the order entered in the Union County Court of Common Pleas, which denied his fifth petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 25, 2002, a jury convicted Appellant of burglary, theft, criminal conspiracy, criminal solicitation, and two counts each of robbery, unlawful restraint, terroristic threats, and simple assault.  On December 23, 2002, the court sentenced Appellant to an aggregate sentence of 408 to 1,248 months' incarceration.  On March 31, 2003, in response to Appellant's post sentence motion, the court reduced Appellant's aggregate sentence to 384 to 1200 months' incarceration.  On March 18, 2004, this Court affirmed Appellant's

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on October 20, 2004. *See Commonwealth v. Yohe*, 850 A.2d 17 (Pa.Super. 2004) (unpublished memorandum), *appeal denied*, 580 Pa. 713, 862 A.2d 1255 (2004).

On March 24, 2005, Appellant filed his first PCRA petition. The PCRA court denied relief on January 4, 2006, and this Court affirmed the PCRA court's order on July 12, 2006. *See Commonwealth v. Yohe*, 907 A.2d 1141 (Pa.Super. 2006) (unpublished memorandum). Appellant filed a second PCRA petition on June 20, 2008. Although the petition was facially untimely, the PCRA court found that Appellant satisfied the newly-discovered facts exception to the time bar. The court further determined that the sentences imposed for Appellant's terroristic threats and unlawful restraint convictions were illegal because they merged with Appellant's burglary conviction. On December 3, 2009, the court vacated Appellant's sentence for those counts. Appellant's sentence as to all other counts remained the same, resulting in a new aggregate sentence of 312 to 960 months' incarceration. Appellant did not appeal the resentencing order. Appellant subsequently filed and litigated two more unsuccessful PCRA petitions.

On April 15, 2024, Appellant filed the instant, *pro se* PCRA petition, his fifth. Appellant's petition raised various claims asserting that his sentence was illegal. On May 3, 2024, the PCRA court issued a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. The court subsequently dismissed Appellant's petition on June 18, 2024. Appellant filed

a timely notice of appeal on July 11, 2024. On July 12, 2024, the court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply.[2]

Appellant raises the following issues for our review:

> The sentences imposed for conspiracy and solicitation charges are in violation of 18 Pa.C.S. 906[, p]ursuant to [**Commonwealth v. King**, 660 Pa. 482, 234 A.3d 549 (2020).]
>
> The total aggregate sentence of 26 to 80 years exceeded the statutory maximum permissible in violation of [**Apprendi v. New Jersey,** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).]
>
> The sentence of 20 to 40 years is an enhancement by 46 years the court exceeded the 40 years maximum enhancement by 46 years, in violation of [**Commonwealth v. Bickerstaff**, 204 A.3d 988 (Pa.Super. 2019), *appeal denied*, 655 Pa. 509, 218 A.3d 862 (2019), **Commonwealth v. Barnes,** 167 A.3d 110 (Pa.Super. 2017), **Commonwealth v. Wolfe**, 636 Pa. 37, 140 A.3d 651 (2016)], **Apprendi**, and **King**.
>
> Appellant should be resentenced *Nunc Pro Tunc* to the new 8[th] edition sentencing guidelines which is lower than the

---

[2] The failure to file a court-ordered concise statement generally results in waiver of all issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii) (stating issues not raised in concise statement are waived). Nevertheless, as all of Appellant's issues on appeal challenge the legality of Appellant's sentence, Appellant has not waived his claims by failing to assert them in a timely filed Rule 1925(b) concise statement. **See Commonwealth v. Hodges**, 193 A.3d 428 (Pa.Super. 2018), *appeal denied*, 651 Pa. 5, 202 A.3d 40 (2019) (holding that legality of sentence claims are not subject to traditional waiver analysis and are cognizable, even in absence of Rule 1925(b) statement). Indeed, this Court can review challenges to the legality of the sentence *sua sponte*, so long as jurisdiction is established first. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013).

current sentence imposed based on the new matrix 303a1-303a.19.

[PCRA] court states in the 1925(a) [opinion that] Appellant['s] sentences maximum [was] 20 years and they never enhanced his sentence[,] which is in error because he received an aggregate to 80 years maximum[,] three times the permissible maximum. ***Apprendi*** applies to all the serious bodily injury charges. …

Appellant raises the [illegal] and unconstitutional [serious] bodily injury enhancements at count 1, count 3, count 4, at docket 29-2002. Count 1 serious bodily injury/count 3 serious bodily injury/count 4 serious bodily injury. Consecutively aggregated 6 to 20 years/7 to 20 years/7 to 20 years in violation of ***Apprendi*** and ***Bickerstaff*** by imposing a 26 to 80 year sentence.

(Appellant's Brief, Appendix B, at 1-2).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

Instantly, Appellant's judgment of sentence became final January 18, 2005, upon expiration of the 90-day period to file a petition for writ of

- 4 -

*certiorari* in the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition over 19 years later, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).[3] Significantly, Appellant failed to plead and prove in his current PCRA petition any exception to the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant merely asserts that he is entitled to a merits review of his claims because they challenge the legality of his sentence. Although a challenge to the legality of a sentence is not subject to waiver, the claim must still be raised in a timely PCRA petition or satisfy one of the timeliness exceptions. **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008). Thus, Appellant's petition remains time-barred, and we affirm. **See Zeigler, supra**.

Order affirmed.

_____

[3] We recognize that the court resentenced Appellant on December 3, 2009. However, "a successful…PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa.Super. 2008). Although Appellant's claims challenge the legality of his sentence, Appellant's claims are unrelated to the resentencing proceedings. Rather, Appellant's claims relate to the portion of his sentence that the court did not disturb upon resentencing and thus, relate back to Appellant's original judgment of sentence. **See Commonwealth v. Lesko**, 609 Pa. 128, 15 A.3d 345 (2011) (explaining that when defendant is granted new sentencing hearing, defendant's original judgment of sentence is final for PCRA timeliness purposes except for matters relating to resentencing). We further note that Appellant's new judgment of sentence, following resentencing, became final on January 2, 2010, upon expiration of his time to file a direct appeal. **See** Pa.R.A.P. 903. **See also** 42 Pa.C.S.A. § 9545(b)(3). Thus, even if Appellant's claims related to his resentencing, the current PCRA petition is still untimely.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>05/16/2025</u>